UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>LISANDRE DOWELL-ENNIS,<br><br>        Defendant. | Case No. CR20-0156-RSM<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

    This matter comes before the Court on Defendant Dowell-Ennis' Motion to Reduce Sentence, Dkt. #694. Defendant moves for a reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the impact of her sentence on her minor children. *Id*. The Court has reviewed the responsive briefing from the Government. Dkt .#696. No reply brief was filed.

    In October 2021, Ms. Dowell-Ennis pled guilty to bank fraud and was sentenced to twelve months and one day imprisonment and three years of supervised release. Dkt. #351.

    Between August 2023 and April 2025, the Government alleged that Ms. Dowell-Ennis violated her supervised release on numerous occasions. Dkts. #507, 563, 569, 577, 580, 608, 611, 618. The Court held a hearing on May 21, 2025, and modified her supervision conditions to include sixty days of home confinement. *See* Dkt. #626. The Court recognized Ms. Dowell-

Ennis' minor children but warned her that any further violations while on supervised release would result in "saying goodbye to your children." Dkt. #675 at 12.

Between July 18 and August 7, 2025, the Government filed more violation notices, including drug use, failing to report for drug testing, failing to make restitution payments, failing to allow a probation home visit, and organized retail theft. See Dkts. #637, 651, 662. At an evidentiary hearing on September 19, 2025, where Ms. Dowell-Ennis admitted to five violations, the Court determined that another was committed, and the Government dismissed the other two. *See* Dkt. #686. The Court revoked her supervised release and imposed a custodial sentence of eighteen months and a new supervised release term of twelve months. *Id*. Ms. Dowell-Ennis remains at Federal Detention Center SeaTac with an estimated release date of December 25, 2026. *See* Inmate Locator, https://www.bop.gov/inmateloc/.

Ms. Dowell-Ennis seeks early release so she can care for her thirteen and fourteen years-old children, who are currently being cared for by their maternal grandmother and others. *See* Dkt. #694 at 3-5. Defendant states that those caring for her children are "claiming that there 'income' does not provide a means to carry the kids" and "the kids are not at all happy[.]" *Id*. at 3. She states that she does not "want to tell the kids that such severe conditions will last over one year[.]" *Id*. She argues that she is "truly remorseful for the way I left the[m] and even though my reckless actions were for there needs at times, the consequences were far worse" and that she "couldn't get help and needed funds for my babies [so] I committed the acts which put me on supervised release[.]" *Id*. at 3-4. She states that a "family friend" and her "elderly sick mother who has a 'medical condition'" are caring for the children but cannot fully provide for them due to "physical impairments." *Id*. at 5. She argues that this constitutes extraordinary and compelling circumstances for release under 18 U.S.C. § 3582(c)(1)(A).

ORDER DENYING MOTION TO REDUCE SENTENCE - 2

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

Effective December 21, 2018, the First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act). The Sentencing Commission's policy statement provides several "extraordinary and compelling" reasons relating to family circumstances, including (1) the death or incapacitation of the caregiver, (2) the

ORDER DENYING MOTION TO REDUCE SENTENCE - 3

incapacitation of defendant's spouse of partner where defendant is the only other available caregiver for the spouse/partner, (3) the incapacitation of defendant's parents where defendant is the only available caregiver, and (4) similar circumstances to (1)-(3) where defendant is the only available caregiver. See U.S.S.G. § 1B1.13(b)(3).

As an initial matter, the Court finds that Ms. Dowell-Ennis has not exhausted her administrative remedies, and this is a bar to her requested relief. The above statute requires an inmate to make a request to the "the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). She does not mention that she has made said request, and, according to the Government, Defendant has not made any request. *See* Dkt. #696, Ex. 2.

Even if she had properly exhausted her administrative remedies, the Court would still deny this Motion after a substantive review of the above factors. As the Government accurately points out:

> According to Dowell-Ennis, there are caregivers in place for her 13-year-old and 14-year-old children; from Dowell-Ennis' motion, it appears her children are being cared for by her mother and other unideftified individuals, potentially in a patchwork fashion. . . . Undoubtedly, the raising of these children creates a burden for these caregivers, but Dowell-Ennis fails to show that these individuals are unable to care for her children. Dowell-Ennis' motion notes, "[t]he instant process of taking me away from my kdis suddenly has resulted in the kids being forced into someone else care, noting that those popele seem to be over burden" (Emphasis added). Dkt. 694, pg. 3. Dowell-Ennis' perception that her children's caregivers seem to be over-burdened does not constitute extraordinary and compelling reasons to reduce her sentence. . . . According to Dowell-Ennis, her children would prefer to be with their mother. That is possible. And while Dowell-Ennis speculates that her children may undertake activities during her sentence, this specter she raises is entirely speculative and unsupported . . . [and] does not support granting her motion.
>
> Dowell-Ennis' children's present situation is far from ideal, but it is a situation that was created not by her counsel or the Court, but by Dowell-Ennis. In fact, during the May 21, 2025, disposition hearing, the Court specifically warned Dowell-Ennis that if she continued to commit additional crimes, she would be saying goodbye to her children. See May 21, 2025, Hearing Transcript at 12 lines 20-24, attached as Exhibit 1. And while their situation is far form ideal, the record before the Court fails to establish extraordinary and compelling reason.

ORDER DENYING MOTION TO REDUCE SENTENCE - 4

Dkt. #696 at 8-9. The Court agrees. The current situation is not an emergency, the impact on Ms. Dowell-Ennis' children was already considered by the Court at sentencing, and the Court agrees with the Government that the 3553(a) sentencing factors weigh in favor of her continued custody. *See id*. at 9-10 ("Dowell-Ennis was convicted of Bank Fraud for her involvement in a comprehensive and wide-ranging fraud scheme. Then, while on supervised release, she demonstrated an[] inability to comply with the terms . . . [and] the Court found she committed new crimes while on supervised release. Not only did she commit new crimes while on supervised release, she involved one of her minor children in the commission of her crimes. Dowell-Ennis has demonstrated hat she will not be deterred from criminal activity.").

Accordingly, having reviewed the instant Motion, the Government's Response, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Reduce Sentence, Dkt. #694, is DENIED.

DATED this 25th day of November, 2025.

Ricardo S. Martinez
United States District Judge